By the Court.
The question presented to the deputy state supervisors of elections of the county, upon the filing of the later petitions, was whether such were in fact supplementary petitions, filed to cure defects in the former, or were new or original petitions. This was a question of mixed law and fact, which the board had to consider. Having the various petitions before it, the local board failed to agree, and “the matter in controversy” was submitted to the state supervisor of elections, who decided against their validity.
Section 5007, General Code, provides that in all cases, in the event of disagreement, or where no decision can be arrived at:
“The matter in controversy shall be submitted to the state supervisor of elections, who shall summarily decide the question so submitted to him, and his decision shall he final.” (Italics ours.)
The matter in controversy submitted to the secretary .of state was whether these later petitions were in fact supplementary petitions, intended to correct the originals, or whether they were original petitions, confessedly filed without the statutory limit. As announced in State, ex rel. Buel, v. Joyce, 87 Ohio St., 126, 100 N. E., 325, Section 5007, General Code, and kindred sections, have been considered by this court on various occasions. In the Joyce case, in a per curiam opinion, it was held that:
“It has been uniformly held that the decision of the secretary of state, when acting in the capacity of state supervisor of elections, upon written objections to certificates of nomination and nomination papers or upon other questions arising in the *496 course of nomination of candidates, is final. Chapmam, v. Miller, 52 Ohio St., 166; Randall v. State, ex rel., 64 Ohio St., 57; State, ex rel., v. Stewart, 71 Ohio St., 55. The statute so declares; and as at present advised, this court is of the opinion that those matters are not per se the subject of judicial cognizance, but are matters for political regulation and well within the legislative power.”
This court, in the later case, State, ex rel. Gongwer, v. Graves, Secy of State, 90 Ohio St., 311, 107 N. E., 1018, adhered to the principle announced in the Joyce case.
For more than a quarter of a century this court has announced that:
“The action of the state supervisor is final as to the questions submitted to him, and courts have no jurisdiction of these questions.” Chapman v. Miller, 52 Ohio St., 166, at page 176, 39 N. E., 24, at page 27.
It is true that the legislative branch of the government has conferred a measure of absolute power upon the secretary of state, but it is also true that the Legislature could at any time change such policy and amend the statute in this respect. This it has not done. This case is but an exemplification of many others, where it is sought by an appeal to the court to obtain a remedy which the Legislature has expressly denied. If abuse of discretion or fraud were disclosed, this court might intervene; but the record shows neither. While there is a general allegation that the acts of the board of deputy state supervisors of elections were performed capriciously, fraudulently, and in bad faith, there are no specific allegations of fact disclosing fraud, collu *497 sion, or such abuse of discretion as would call for the restraining action of the court. State, ex rel. Maxwell, v. Schneider, 103 Ohio St., 492, 134 N. E., 443.
The petitions, respectively, are dismissed, and the writs denied.

Writs denied.

Robinson, Jones, Matthias and Day, JJ., concur. Marshall, C. J., Wanamaker and Allen, JJ., dissent.